By the Court.—Sedgwick, J.
I think there is no doubt that the directions of the court, which concerned matters stated in the report of sale, must rest upon the report- itself, and that the report could not be sustained against exceptions by affidavits, which tend to show that the referee made the sale on other terms than the report specified. In a proper case, the court would allow the referee to make and file another report, if an application for that were made. No such application was made in this case. It was clear from the report that the referee had made a payment out of the purchase-money, to protect the purchaser against *172 the first mortgage, when the judgment had not allowed him to make it. If this payment had not been made, and the purchase-money had been applied according to the judgment, there would have been the surplus that the learned judge below found did really exist.
If there be any question as to the form of the proceeding to redress the departure from the judgment, it was not made on this appeal, and there was no suggestion of a more proper form than the one used. The claims made by the counsel for the appellant were, that on the case shown by the affidavit the referee was not liable for the amount of surplus which the report showed, after correcting the irregularities that appeared on its face, and that the person making the motion below had no standing in court, because she was not a party to the action. On the report, apart from the affidavits, which cannot be heard against it, I think there was a liability of the referee to the amount of the surplus. Although the applicant was not a party, it appeared that she had become an assignee of a mortgage made pendente lite by the owner of the equity of redemption. To the extent of the mortgage she had the same right to the surplus that the owner would have had. To assert this right, it was not necessary, as I understand the practice, for her to be made a party. In fine, on these points I am of opinion that the order below was right, and should be affirmed. And a strict regard to the disposition of the case, as the parties have chosen to shape it, would leave the matter here. Strictness, in particular instances of this kind, leads to a better administration of justice in the aggregate. It is the strongest incentive to an exact and thorough exposition of the rights of parties in other cases, in the first instance, and hence to prompt justice in a sound form. But it is, sometimes, the practice to look after the equity of' the case on appeal, if justice demands it, even where it has not been pre *173 sentecL in due form to the court below. I think the affidavits, read for the referee, disclosed facts which would have suggested to the court a modification of the order, if it had been requested, and would not have weakened the sound rule stated by the court in the opinion.
The affidavit of the referee showed that immediately before the sale it was “publicly announced to the persons present at said sale, that there was upon said premises a mortgage, upon which there was due the sum of $6,500 and interest, and which was a prior lien to the mortgage under which the premises were then being sold,” which would be allowed to the purchaser out of his bid ; and that “ said premises were then and there fairly struck off to the plaintiff for the sum of $8,000, he being the highest bidder, and that being the highest sum bidden for the same.” The affidavit of the auctioneer is to the same effect. The plaintiff and his attorney make like statements severally by affidavit. These say the matter orally announced was in or noted on the terms of sale, although these terms were not presented on the motion, the recollection of plaintiff’s attorney being “that only one copy was made out, and that was left with the referee the probability of the announcement being made is confirmed by the situation and value of the property and the liens upon it. There was no testimony to the contrary.
I find that these facts are singularly like those in Hotchkiss v. Clifton Air Cure (4 Keyes, 170), which, as it was not cited to us on the argument, I believe was not to the judge who heard this motion.
The action in the case cited was for the foreclosure of a mortgage. Prior to this mortgage was another for $2,500, with interest. The prior mortgagee was not a party, nor did the pleading or judgment refer to his mortgage. On the day of sale, the property was put *174 up for sale, subject to the prior mortgage, and the person who afterwards purchased bid $16,000. Then the plaintiff’s attorney said to the referee .that the judgment permitted the land to be sold free and clear of the prior mortgage, and the referee thereupon announced to the bidders that he would pay off the prior mortgage and give a clear title. The property was then sold for $20,000. The referee executed a deed of the premises free from incumbrance, and the purchaser paid him the amount bid, less $2,562, the amount of the prior mortgage. Parties in interest then moved that the purchaser complete his purchase by paying the sum that had been deducted. The special term granted the motion that the purchaser pay the additional sum ; but the general term^reversed it.
In the court of appeals, the counsel urged that the referee had uo power under the judgment to sell the property in the way he did, or to make the deduction, and that the purchaser had constructive notice of the judgment; that the prior mortgagee was not a party, and its existence or amount had not been determined as to the parties to the action ; that under any circumstances the whole amount should have been paid to the referee, so that he might pay over the amount of the first mortgage and present the receipt for it with his report. Judge Hunt, after saying that it was possible that the referee erred in undertaking upon the sale to provide for the payment of the first mortgage, continued (p. 178): ‘ ‘ Assuming the law to be as claimed by the appellants, the relief asked for is a non-sequitur. If the sale was irregular or unauthorized, it by no means follows that the purchasers should be compelled to pay $2,500 more than they bid for the premises. On the contrary, the plain remedy would.be to vacate the sale, and again to offer the premises for sale. This the appellants do not ask, and apparently do not desire. While they insist that the sale was irregular, they also *175 insist upon its confirmation. While they say that the referee had no right to sell upon the promise of giving a clear title, they still insist that the purchasers shall be held to their purchase, and shall pay $2,500 more than they undertook to pay when they bid on the property. This claim is in violation of every sound principle. The purchasers never made the contract which the appellants seek to impose upon them. They have fully performed the bargain they did make.” Judge Clerke said: “This may be deemed an application seeking the equitable interposition of the court. The application is that the purchasers should be compelled to complete their purchase. The answer is that they have already done so. The referee expressly told them, at the time of the sale, that at the suggestion of the plaintiffs’ attorney in the foreclosure suit he would pay off the prior mortgage, and give a clear title. The premises were then sold under that announcement for $20,000, and thereupon such an arrangement was made that the referee executed and delivered a deed, and the purchasers paid him $20,000, less $2,562, which was the amount of the prior mortgage on the day of sale, and which, unless since paid by the purchasers, is still an incumbrance on the premises. The effect of granting this application would be to compel the purchasers to pay $2,562 more than they contracted to pay. This would be inequitable.”
I do not mean to decide that these propositions are to be applied, as the case stands at present. As against the applicant, there was no case before the court on which there could be a hearing, irrespective of the face of the report. When the case is presented, the court may have an opportunity to pass upon the obligations of the referee. I think, however, that before the present order is carried into effect, or rather, before it is to be held or be deemed a final adjudication, the referee should have an opportunity to present to the *176 court below, an application for leave to file a new and correct report, and for the decision of the court to be stayed upon the principal motion until such new report be filed and exceptions thereto made and argued. Of course, such application will not be granted, unless it is properly made and supported. In case such application is denied, the present order appealed from is afiirmed, with costs. If it be granted, the present order is to abide the decision to be made de novo, in the proceedings then to be taken. The costs of this present appeal, and disbursements to be taxed, are to be paid, in any event, by the referee.
Van Vorst, J., concurred.